**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WILLIAM JAMES RIOUS, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
|     v. | )   Civil Action No.  15-1795 (RC) |
| | ) |
| U.S. PAROLE COMMISSION, | ) |
| | ) |
|     Respondent. | ) |

**MEMORANDUM OPINION**

In this action for a writ of *habeas corpus*, petitioner challenges on constitutional grounds the United States Parole Commission's jurisdiction over District of Columbia parole matters. He specifically cites D.C. Code §§ 24-131, 133 and 406.[1] Petitioner purports to mount a facial challenge while also claiming that the enforcement of the statutes against him "infringed upon the Ex Post Facto clause[.]" Pet. for a Writ of Habeas Corpus at 1, ECF No. 1; *see id*. at 3 ("The gravamen of [the petition], is that, the U.S. Parole Commission has added 16 months of 'street time credit' to [petitioner's] January 30th, 2011 expiration maximum release date, in which his new expiration date will increase in the year of 2027."). Petitioner seeks "to vacate his unlawful 16 years' additional parole sentence." *Id*. at 14.  In supplemental pleadings, petitioner adds a claim arising from his placement in a federal halfway house as a condition of his parole supervision.  *See* Mot. to Amend Add'l Facts and Request for a Writ of Mandamus, ECF No. 9;

---

[1]   D.C. Code § 24-131 creates the U.S. Parole Commission's "Paroling jurisdiction"; § 24-133 establishes the D.C. Court Services and Offender Supervision Agency as an agency of the United States; § 24-406 sets out rights and consequences after a parolee's arrest on a parole violator warrant issued by the Commission.

Mot. to Amend and Supplement New Facts to be Release[d] from a Federal Halfway House, ECF No. 10.

## I. PROCEDURAL BACKGROUND

In response to the order to show cause why the writ of habeas corpus should not issue, the Commission has adequately explained why the petition and the supplemental pleadings provide no bases for relief.  *See* U.S. Parole Comm'n's Opp'n to Pet'r's Pet. for Writ of Habeas Corpus at 2, 10-17, ECF No. 11.  On March 1, 2016, petitioner was ordered to reply to the Commission's opposition by April 11, 2016.  He was informed, among other things, that "[t]he allegations of . . . an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."  Mar. 1, 2016 Order at 2 (quoting 28 U.S.C. § 2248), ECF No. 12.  Petitioner has not filed a reply, and the time for doing so has expired.  The Court accepts the Commission's documented allegations as true, and it agrees that no grounds exist for issuing the writ.  Thus, for the reasons highlighted below, the petition will be denied.

## II. DISCUSSION

District of Columbia prisoners are entitled to habeas corpus relief under 28 U.S.C. § 2241 upon showing that their "custody is in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  The petition is difficult to follow, but petitioner advances arguments under the Constitution's *ex post facto*, double jeopardy and due process clauses.  In addition, the facial challenge appears to be based on the separation of powers doctrine.

**1. Reinstatement of Street-Time Credit**

With regard to the specific relief petitioner seeks, the Commission's documentation establishes that he is not entitled to reinstatement of the sixteen years of time he spent on parole ("street-time credit"). This is because while on parole, petitioner was convicted in D.C. Superior Court of possession with intent to distribute a controlled substance (heroin); therefore, the Commission was required by D.C. Code § 24-406 to rescind the street-time credit upon revoking petitioner's parole.[2] *See* Resp't Opp'n at 8-9; *Herndon v. U.S. Parole Comm'n*, 961 F. Supp. 2d 138, 142 (D.D.C. 2013) (finding "in accordance with the holdings of numerous prior cases in this district . . . that upon each of petitioner's parole revocations [prior to 2009], the number of days he spent on parole was properly rescinded and, thus, no longer counted towards the service of his prison term") (citation and internal quotation marks omitted); *Washington v. U.S. Parole Comm'n*, 859 F. Supp. 2d 21, 24 (D.D.C. 2012), quoting *Jones v. Bureau of Prisons*, No. 02-5054, 2002 WL 31189792, at *1 (D.C. Cir. Oct. 2, 2002) (per curiam) ("Under District of Columbia law, appellant cannot receive credit for time on parole, commonly known as 'street time,' after his parole has been revoked."); *Dews v. Waldern*, 590 F. Supp. 2d 42, 44 (D.D.C. 2008) (concluding that "upon each of Mr. Dews's parole revocations, the number of days he spent on parole was lawfully rescinded").

---

[2]    D.C. Code § 24-406 states: "If a parolee is convicted of a crime committed during a period of parole, the Commission: (A) Shall order that the parolee not receive credit for that period of parole if the crime is punishable by a term of imprisonment of more than one year[.]" D.C. Code § 24-406(c)(2) (2009). Prior to May 20, 2009, the Commission was required upon a parole revocation to rescind earned street-time credit no matter the circumstances. Section 24-406 was amended in 2009 to require the opposite, with two enumerated exceptions—one of which applies here. Because the crime for which petitioner was convicted "is punishable" by a prison term of more than one year, the Commission was required by subsection (c)(2) to rescind petitioner's street-time credit under either version of the statute. *See* D.C. Code § 48-904.01 (setting prison term for distribution of Schedule I controlled substance at "not more than 30 years"); *Id*. § 48-902.04(2)(K) (listing heroin as Schedule I controlled substance).

More importantly, "courts in this circuit have consistently agreed" with the D.C. Court of Appeals that the effect of § 24-406 violates neither the ex post facto clause nor the due process clause. *Campbell v. U.S. Parole Comm'n*, 563 F. Supp. 2d 23, 26 (D.D.C. 2008) (examining *United States Parole Comm'n v. Noble*, 693 A.2d 1084 (D.C. 1997) (other citation omitted)); *see accord Baker v. United States Parole Comm'n*, 107 F. Supp. 3d 56, 61 (D.D.C. 2015) (citing *Brown v. U.S. Parole Comm'n*, 713 F. Supp. 2d 11, 14 (D.D.C. 2010) (other citation omitted)). Consequently, the Court finds no basis for issuing the writ on this ground.

## 2. The Commission's Authority

Respondent has aptly addressed petitioner's challenge to the continued vitality of the Commission. *See* Resp't's Opp'n at 10-13. The Court agrees that this challenge is without merit since Congress, through valid legislation, has continuously extended the life of the Commission (now through October 31, 2018). *Id*. at 10 n.15.

Petitioner's challenges, on multiple fronts, to the Commission's authority over D.C. parolees have been addressed numerous times by this Court and consistently rejected. *See Washington*, 859 F. Supp. 2d at 23-24 (concluding that the Parole Commission's role of enforcing D.C. parole laws and regulations "does not usurp a judicial function" in violation of the separation of powers doctrine) (citation and internal quotation marks omitted)); *accord Thompson v. D.C. Dep't of Corr.*, 511 F. Supp. 2d 111, 114 (D.D.C. 2007) (collecting cases); *see also Campbell*, 563 F. Supp. 2d at 25-27 (rejecting claims asserted under the Constitution's *ex post facto*, due process, and double jeopardy clauses, and the Fifth and Eighth amendments); *accord Baker*, 107 F. Supp. 3d at 61-62 (concluding that "controlling precedent forecloses Baker's argument that revocation of street time can violate the Ex Post Facto clause, as revoking street time does not constitute increasing a sentence") (citation omitted). Petitioner has offered

nothing to warrant a departure from this Court's prior decisions upholding the Commission's paroling jurisdiction over D.C. Code offenders.

### 3. Halfway House Placement

Finally, petitioner takes issue with the Commission's removal of him from his home to a halfway house for 120 days prior to proving that he had "violated any parole infractions[.]" Mot. to Am. Add'l Facts at 1. The record establishes, however, that the Commission was merely enforcing a special condition of petitioner's parole, which required him to "participate in a halfway house program as a public placement for up to 120 days as directed by the probation officer." Resp't's Ex. 46, Not. of Action, ECF No. 11-2 at p. 212.

"To trigger the due process clause under the circumstances presented, plaintiff must first identify a protected liberty interest, but it is established that D.C. prisoners do not have a constitutionally protected liberty interest in being released to parole." *Johnson v. District of Columbia*, 67 F. Supp. 3d 157, 164 (D.D.C. 2014) (citing *Ellis v. District of Columbia*, 84 F.3d 1413, 1415-20 (D.C. Cir. 1996)). And once released to parole, D.C. prisoners do not have a "constitutionally protected right to a . . . home detention arrangement" or to a particular placement prior to the expiration of a sentence. *Johnson v. United States*, 590 F. Supp. 2d 101, 109 (D.D.C. 2008) (collecting cases). Thus, the procedural requirements of the due process clause are not triggered. *See Long v. D.C. Hous. Auth.*, ___ F. Supp. 3d ___, ___, 2016 WL 777918, at *12 (D.D.C. Feb. 29, 2016) ("The first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in 'liberty' or 'property.' ") (quoting *Gen. Elec. Co. v. Jackson*, 610 F.3d 110, 117 (D.C. Cir. 2010)); *cf. Floyd v. U.S. Parole Comm'n*, No. 14-0667, 2015 WL 5332081, at *2 (D.D.C. Sept. 14, 2015) (acknowledging D.C. prisoners' limited procedural due process right "to notice and a meaningful opportunity to be

heard prior to the revocation of parole or supervised release") (citing *Sutherland v. McCall*, 709 F.2d 730, 733-34 (D.C. Cir. 1983) (other citation omitted)).

## CONCLUSION

For the foregoing reasons, the Court concludes that no grounds exist for issuing a writ of *habeas corpus*. Thus, the petition is denied. A separate order accompanies this Memorandum Opinion.

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge

Date:  May 3, 2016